# COMPOSITE EXHIBIT G

Page 1

```
 1            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
 2         CASE NO. 0:20-CV-22800-CIV-SCOLA/TORRES
 3
 4   DIEGO AGNELLI,
 5            Plaintiff/Counter-Defendant,
 6   -vs-
 7   LENNOX MIAMI CORP.,
 8            Defendant/Counter-Plaintiff.
     _____/
 9
10                     DEPOSITION OF
                     SHERI FISKE SCHULTZ
11
12
13             Wednesday, October 27, 2021
                 10:30 a.m. - 3:03 p.m.
14
15
16                  By videoconference
17
18
19
20
21
22
23
               Stenographically Reported By:
24                Dianelis Hernandez, FPR
25
```

```
 1   APPEARANCES:
 2
 3   On behalf of the Plaintiff/Counter-Defendant:
         HOLLAND & KNIGHT, LLP
 4       515 E Las Olas Boulevard
         Suite 1200
 5       Fort Lauderdale, Florida 33301
         954-468-7984
 6       BY: Brian H. Koch, Esquire via videoconference
         brian.koch@hklaw.com
 7
 8
 9   On behalf of the Defendant/Counter-Plaintiff:
         SHUTTS & BOWEN, LLP
10       4301 W Boy Scout Boulevard
         Suite 300
11       Tampa, Florida 33607
         813-227-8123
12       BY: Erik R. Matheney, Esquire via videoconference
         ematheney@shutts.com
13
14
     ALSO PRESENT:   Ignacio Perez-Cortes
15                   Francis Rodriguez
                     Douglas Kramer
16
17
18
19
20
21
22
23
24
25
```

Page 73

1              identification.)
2         A.   Yes.
3    BY MR. MATHENEY:
4         Q.   And if you look at 607.1302 of the Florida
5    statutes, it talks about a "shareholder of a domestic
6    corporation is entitled to an appraisal rights and to
7    obtain payment of the fair value of that shareholder's
8    shares in the event of any of the following corporate
9    actions," correct?
10        A.   Correct.
11        Q.   And then it goes on, and I'll scroll
12   through the statute, tell me if you want me to slow down,
13   because it goes on to list a number of corporate actions,
14   correct?
15        A.   Correct.
16        Q.   And none of the corporate actions that are
17   actually listed are judicial dissolution actions,
18   correct?
19        A.   Correct.  I already testified that the
20   judicial dissolution section doesn't define fair value.
21        Q.   So you would acknowledge that?
22        A.   Yes.
23        Q.   That the definition of fair value that you
24   use from the Statute 607.1301 is not a definition that's
25   used in the judicial dissolution section of the Florida

1  statutes, correct?
2      A.   It's not that it's not used, it's not
3  defined under the judicial section.
4      Q.   Not defined under the judicial dissolution
5  section, correct?
6      A.   That's correct.
7      Q.   And the judicial dissolution section does
8  not indicate that it is applying the definition from
9  607.1301, correct?
10     A.   It does not reference it directly, correct,
11 it just says the words fair value.
12     Q.   It doesn't reference it indirectly or
13 directly, correct?
14     A.   Correct.
15     Q.   So we talked about -- I'm skipping ahead
16 here because you've acknowledged that the claims raised
17 by Mr. Agnelli is a judicial dissolution case pursuant to
18 Section 607.1430 of the Florida statutes.
19     A.   We are in agreement with that.  Correct.
20     Q.   And, of course, you would agree -- well,
21 now, I understand that you are not a lawyer, but as you
22 head -- let me go back to that to be fair.
23          As you read Section 607.1301, you did
24 understand that when the legislature wrote that statute
25 they did not include the definition of fair value that it

Page 89

1   way, this is a legal opinion on definitions, so I really
2   don't think I need to discuss this -- but I would look to
3   another section if it defines it.
4        Q.   And the reason why I'm asking you about
5   this is because this is one of your criticisms that we
6   talked about of the Gordon Brothers' report, your
7   reliance upon the definition of 607.1301; you understand
8   that's why I'm asking you these questions?
9        A.   Yes, I do.
10       Q.   You are telling us now that's a legal
11  opinion and you, of course, are not qualified to provide
12  a legal opinion, correct?
13            MR. KOCH:  Object to form.
14       A.   I'm not qualified to provide legal
15  opinions.  I'm qualified to explain why our methodology
16  is used and why I disagree with the opposing expert's
17  methodology.
18  BY MR. MATHENEY:
19       Q.   Right.  But you've mentioned several times
20  that this is a legal opinion, this is a legal opinion.
21  That's what I'm trying to understand.  You said several
22  times when I asked you about applying 1301 to the
23  judicial dissolution statute you said that's a legal
24  opinion; did you not say that?
25       A.   It is a legal opinion, absolutely a legal

Page 90

1  opinion.  I just said that way I apply it, but it is a
2  legal opinion at the end of the day.
3          Q.   And you are, as you say, you are not
4  qualified to provide any sort of legal opinions, correct?
5          A.   Yes, I'm not qualified to apply -- to
6  provide analysis on a legal opinion or to provide a legal
7  opinion, I should say.
8          Q.   And I think you may have told me this, if
9  you have I apologize.  Let me ask the question a little
10 differently.
11              Have you ever estimated the fair value of a
12 minority ownership interest and applied a minority
13 discount?
14         A.   No, I do not have a recollection of
15 applying it.  If I did it 10 years ago or before, I don't
16 know if it's a very old, but in the last five years, it
17 could be a lot more, I've been consistent that I do not
18 apply discounts when determining the fair value of a
19 minority shareholder.
20         Q.   And so then I asked you about minority
21 discount; have you ever applied a discount for a lack of
22 marketability in a case involving the valuation of shares
23 of ownership?
24         A.   I have not, no.
25         Q.   Now, in terms of -- let me ask you this:

Page 144

1      A.   Correct.
2      Q.   And you didn't speak with anyone from HVS
3 before you finished and completed your report in this
4 case, correct?
5      A.   That's correct.
6      Q.   And help me understand.  Of all the dates
7 in -- that Lennox hotel has been open, of all the dates,
8 why was June 30, 2021 selected as your effective date?
9           MR. KOCH:   Asked and answered.
10     A.   It was provided by counsel.
11 BY MR. MATHENEY:
12     Q.   Okay.  That's the sole reason?
13     A.   That was he provided the valuation date.
14 We discussed it, and we -- I was comfortable with the
15 valuation date for the reasons that we used COVID, so
16 therefore, that's why we used the June 30th.
17     Q.   I'm just trying to understand all the
18 reasons why June 30, 2021 was selected by you as the
19 effective date for your fair value valuation of the 125
20 shares.
21     A.   We needed to be close to the real estate
22 valuation appraisal.  The real estate valuation appraisal
23 was done in 2021, not in 2020, because at the time when
24 there may be election to purchase share from the
25 petitioning shareholder they -- there was no transactions

Page 165

```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA


                CASE NO.:  0:20-cv-22800-CIV-SCOLA/TORRES


     DIEGO AGNELLI,

          Plaintiff/Counter-Defendant,

     -vs-

     LENNOX MIAMI CORP.,

          Defendant/Counter-Plaintiff.
     _____/


                       Videoconference


                       DATE:  Wednesday, November 10, 2021
                       TIME:  9:37 a.m. - 11:45 a.m.



       REMOTE DEPOSITION OF SHERI FISKE SCHULTZ, CPA ABV CFF
                          VOLUME II






               TAKEN ON BEHALF OF THE DEFENDANT before
     Jennifer L. Bush, RPR, FPR, FPR-C, Notary Public in and
     for the State of Florida at Large, pursuant to Notice of
     Taking Deposition in the above cause.
```

1                 A P P E A R A N C E S
2    APPEARING ON BEHALF OF THE PLAINTIFF(S):
3
              Erik Matheney, Esquire
4             Geoffrey L. Travis, Esquire
              Douglas M. Kramer, Esquire
5             Ignacio Perez-Cortes, Esquire
              SHUTTS & BOWEN LLP
6             200 S Biscayne Blvd., Suite 4100
              Miami, FL 33131
7             305-379-9111
8
9    APPEARING ON BEHALF OF THE DEFENDANT(S):
10
              Brian H. Koch, Esquire
11            HOLLAND & KNIGHT LLP
              701 Brickell Ave, Suite 3000
12            Miami, FL 33131
              305-374-8500
13
14
15
16
17
18
19
20
21
22
23
24
25

1        A.     That's what it says there.
2        Q.     And so in applying that statute, which you
3   said you used in this case, you did not follow that
4   particular provision and use the date immediately before
5   the effectiveness of a corporate action to which the
6   shareholder objected?
7        A.     That is a legal opinion.
8        Q.     No, I understand that but I'm trying to
9   understand your usage of fair value because you've
10  indicated in your report and in your testimony that you
11  used the definition of fair value in this particular
12  statute, right?
13       A.     Yes.
14       Q.     And for purposes of your determination of a
15  value, did you identify any other corporate action which
16  the shareholder objected?
17       A.     No.
18       Q.     So then when this particular statute
19  indicates that the fair value means the value of a
20  corporation's shares determined immediately before the
21  effectiveness of the corporate action to which the
22  shareholder objects, can you explain to me, since you
23  used this statute for your determination of fair value,
24  why you did not use a date immediately before the
25  effectiveness of the corporate action?

Page 176

1       A.   As I testified before, this is a legal
2  opinion, and I referred back to the statute election to
3  purchase and, therefore, used a date that the -- or used
4  -- that the Court can deem another date more appropriate.
5       Q.   So is it then -- when you use this
6  definition of fair value, did you not think that first
7  prong of the definition immediately before the
8  effectiveness of the corporate action to which the
9  shareholder objects, did you not think that applied?
10      A.   It is not that it doesn't apply.  However,
11 if you go back to the other statute, it says -- or a date
12 that the Court deems more reasonable or more appropriate.
13           So, therefore, I used -- I looked at that
14 statute to determine that there might be a better date.
15 But, again, this is a legal opinion.  This is not a
16 valuation, something for an appraiser to determine.  The
17 actual date, the date is a legal opinion.
18      Q.   So if I understand your testimony
19 correctly, even though prong A says, "Immediately before
20 the effectiveness to which the shareholder objects," you
21 didn't use that particular date.  You used some other
22 date?
23      A.   That is correct.
24      Q.   Okay.  So you didn't use prong A under the
25 definition of fair value.  But it is your testimony --