United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Diego Agnelli, Plaintiff/Counter-Defendant, | ) ) ) |
| v. | ) ) Civil Action No. 20-22800-Civ-Scola ) |
| Lennox Miami Corp., Defendant/Counter-Plaintiff. | ) ) ) |

**Order**

This matter is before the Court upon Plaintiff Diego Agnelli's motion to amend/correct the Court's judgment pursuant to Federal Rules of Civil Procedure 59 and 60. (**Mot., ECF No. 156**.) Having considered the parties' briefs, the legal authorities, and the record, the Court **denies** Agnelli's motion.

1. **Background**

Agnelli's motion concerns the amount of damages that the Court awarded Defendant Lennox Miami Corp. ("Lennox") in its verdict and order after holding a non-jury trial in this matter. (ECF No. 151.) Upon finding that Lennox prevailed on its counterclaim for breach of contract against Agnelli, the Court awarded Lennox a total of $6,073,526 in damages. (ECF No. 151 at 2.) A portion of that was to compensate Lennox for the millions Agnelli misappropriated from it, and another portion was to reinstate to Lennox the excess salary it paid Agnelli.

Agnelli believes that Lennox misled the Court into awarding it $3,652,395 for excess salary. He says the correct amount for excess salary is $721,483, and he arrives at that number per the calculations shown in the table below.

| | 2018 | 2019 | 2020 | *Totals* |
|---|---|---|---|---|
| Actual Amounts Lennox Paid Agnelli[1] | $1,360,000 | $1,689,615 | $686,547 | *$3,736,162* |
| Amounts Agnelli was Entitled to Collect Under Employment Agreement[2] | ($1,200,000) | ($1,200,000) | ($625,806)[3] | ($3,025,806) |
| Excess Salary (recoverable by Lennox) | $160,000 | $489,615 | $60,741 | $710,356 |
| Amount Lennox Paid in Taxes on Excess Salary[4] (also recoverable by Lennox) | $2,320 | $7,099 | $1,708 | $11,127 |
| **Total Excess Salary Recoverable by Lennox** | **$162,320** | **$496,714** | **$62,449** | **$721,483** |

(ECF No. 156-2 at 2.) Lennox, of course, maintains that it did not mislead the Court and that the damages figure the Court used is correct.

**2. Discussion**

Rule 60 allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record." Fed. R. Civ. P. 60(a). And Rule 59 allows parties to move the Court to alter or amend a judgment. Fed R. Civ. P. 59(e).

However, the Court finds no basis to amend its judgment because the damages amount it awarded to Lennox is, indeed, correct.

Agnelli's argument draws from the fact that the Court found his employment agreement with Lennox to be valid. On that basis he says that Lennox is bound to compensate him per the agreement's terms, which provided for an annual salary of $1,200,000 through the date of his termination. (Mot. 8-9.) Agnelli also seems to assert this argument upon his belief that the Court found that he only "partially breached the [a]greement." (Mot. 1.)

Not so. If not apparent from the Court's verdict and order, the Court makes its ruling clear here: Agnelli materially breached his employment agreement with Lennox.

A breach is material where it "goes to the essence of [a] contract." *See, e.g., Sublime, Inc. v. Boardman's Inc.*, 849 So. 2d 470, 471 (Fla. 4th DCA 2003); *Focus Mgmt. Group USA, Inc. v. King*, 171 F. Supp. 3d 1291, 1297 (M.D. Fla. 2016). The employment agreement made Agnelli Lennox's CEO. (Agreement ¶ 3, ECF No. 9-1.) That designation is not without consequence. It carries with it a set of responsibilities spelled out by law. *See* Fla. Stat. §§ 607.0841; 607.08411. As such, Agnelli was no ordinary employee. His extensive misconduct, as detailed in the Court's verdict and order, necessarily contravened the essence of his being contracted to serve as Lennox's CEO and thus constituted a material breach of the agreement.

"[A] material breach of [an] [a]greement allows the non-breaching party to treat the breach as a discharge of his contract liability." *Benemerito & Flores, M.D.'s, P.A. v. Roche*, 751 So. 2d 91, 93 (Fla. 4th DCA 1999). In such cases, "the injured party . . . may treat the contract as void and seek the damages that will restore him to the position he was in immediately prior to entering the contract." *Rector v. Larson's Marine, Inc.*, 479 So. 2d 783, 785 (Fla. 2d DCA 1985); *see also Forbes v. Prime Gen. Contractors, Inc.*, 255 So. 3d 448, 451 (Fla. 2d DCA 2018) ("When one party to a contract commits a material breach, the nonbreaching party has the option to treat the breach as a breach of the entire contract—in

other words, an entire or total breach.") (cleaned up). And that is exactly what Lennox has chosen to do here. (*See, e.g.*, ECF No. 166 at 15-16.)

In seeking to "restore [Lennox] to the position [it] was in immediately prior to entering the contract," *Rector*, 479 So. 2d at 785, the Court relied on the trial testimony of Lennox's damages expert, Richard Fetcher. Mr. Fetcher represented that Lennox overpaid Agnelli by $3,652,395. To calculate that figure, he used Agnelli's annual salary figure as it stood immediately prior to the agreement's ratification—$90,000. (*See* ECF No. 156-1 at 94:7-9.) Although it is true that Mr. Fetcher's calculation assumed the agreement's invalidity, that assumption is of no consequence given the Court's finding that Agnelli materially breached the employment agreement at its very inception. (*See* ECF No. 151 at 18.) Consequently, Agnelli was due no compensation pursuant to the agreement's terms from the very start. And for that reason, Mr. Fetcher's figure adequately reflects the amount Lennox overpaid Agnelli, which amount it is now due.

The irony of Agnelli's seeking to enforce a contract that he materially breached is not lost on the Court. A "breaching party cannot subsequently enforce the contract." *Ryder Truck Rental, Inc. v. Logistics Res. Sols., Inc.*, 21-21573-CIV, 2022 WL 2348642, at *23 (S.D. Fla. May 26, 2022) (Lenard, J.), *appeal dismissed*, 22-12073-JJ, 2022 WL 4372749 (11th Cir. July 26, 2022). Indeed, considerations of Agnelli's appointment as a fiduciary under the contract could even bar him from recovery. *See Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Scheller*, 629 So. 2d 947, 951 (Fla. 4th DCA 1993) (citing to the Restatement (Second) of Agency in discussing particular concepts of agency law posing "variations from ordinary contract law [that] are properly viewed as special rules for fiduciaries[.]"); RESTATEMENT (SECOND) OF AGENCY § 469 (1958) ("An agent is entitled to no compensation for conduct which is disobedient or which is a breach of his duty of loyalty; if such conduct constitutes a wilful [sic] and deliberate breach of his contract of service, he is not entitled to compensation even for properly performed services for which no compensation is apportioned."). However, the Court need not delve into those issues seeing as Lennox agrees with the Court's figure, which allows Agnelli compensation at his pre-agreement salary. (ECF No. 166 at 1-2.)

### 3. Conclusion

Accordingly, the Court **denies** Agnelli's motion to amend the judgment. (**ECF No. 156**.) The amount of damages due to Lennox remains unchanged.

Separately, by agreement of the parties (*see* ECF Nos. 157, 169), the Court **partially grants** Lennox's separate request for a set-off in its motion at **ECF No. 157** and rules that Lennox may set-off its damages against the amount Lennox

is required to pay Agnelli. The remainder of the requests in Lennox's motion at ECF No. 157 will be disposed of by Magistrate Judge Torres in conformity with the Court's referral order of September 27, 2022. (ECF No. 174.)

**Done and ordered**, at Miami, Florida, on September 29, 2022.

_____
Robert N. Scola, Jr.
United States District Judge